UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

**DEREK MORTLAND**,                )   Case No. 3:26-cv-1602
                                   )
              Plaintiff,           )
                                   )
v.                                 )   Judge:
                                   )
**AUM SHIVAYA LLC,** an Ohio limited )
liability company,                 )
                                   )
                                   )
                                   )
              Defendant.           )

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant AUM Shivaya LLC, an Ohio limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1.   This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2.   The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions

1

to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland") is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant AUM SHIVAYA LLC owns and/or operates a hotel located at 10621 Fremont Pike, Perrysburg, OH 43551 known as Quality Inn Perrysburg in Wood County.

6. Plaintiff has patronized Defendant's property previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. The hotel owned and operated by the Defendant was originally built by the Defendant (or its predecessor in interest) in 1970 but has undergone extensive renovation and alteration by the Defendant (or its predecessor) completed in 1996 and 2003 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. The facility owned or operated by the Defendant AUM SHIVAYA LLC, is non-

compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

9. Mr. Mortland is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Mortland is employed as an ADA speaker, consultant, expert and ADA coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for the State of Ohio and private clients in throughout Ohio. On this occasion he was in the immediate area conducting surveys for the Ohio Department of Transportation.

11. On or about May 8-9, 2025, Plaintiff was an overnight guest at the Defendant's hotel as bona fide guest while on business in the area. He plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but

not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the Quality Inn Perrysburg hotel, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

**Accessible Routes & Parking**

A. The passenger loading zone does not provide a vehicle pull-up space with marked access aisle, in violation of the ADA Sections 503.2 and 503.3 of the 2010 Standards and 1991 ADAAG section 4.6.6, whose remedy is strictly required or, at minimum, readily achievable.

B. Parked vehicles impede the required width of the accessible route to the north lobby

entrance, in violation of the ADA and section 502.7 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

C.  Designated accessible parking spaces throughout the property have not been maintained as evidenced by cracked and damaged asphalt and fading paint, in violation of the ADA and 28 CFR 35.133, whose remedy is strictly required or, at minimum, readily achievable.

D.  There are cracks and changes in level on the accessible route from the designated accessible parking to the north lobby entrance, the conference center, and various other entrances, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.3.8, whose remedy is strictly required or, at minimum, readily achievable.

E.  There is no accessible route to the outdoor waiting area with bench, in violation of the ADA and section 206.2.2 of the 2010 Standards and 1991 ADAAG section 4.3.2(1), whose remedy is strictly required or, at minimum, readily achievable.

F.  The south entry door lacks compliant maneuvering clearance at the latch side to enter due to a railing, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, is readily achievable.

**Access to Goods and Services**

G.  Point of sale devices are located above allowable reach range at the registration desk, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

5

H.  Amenities and items in the breakfast area are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

I.  There are no accessible dining surfaces in the breakfast area, in violation of the ADA and Section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or, at minimum, readily achievable.

J.  The bar does not have a lowered portion for use by disabled customers, in violation of the ADA and section 904.4 of the 2010 Standards and 1991 ADAAG section 7.2, whose remedy is strictly required or, at minimum, readily achievable.

K.  The laundry room entrance does not meet required 32 inches of width, in violation of the ADA and section 404.2.3 of the 2010 Standards and 1991 ADAAG section 4.13.5, whose remedy is strictly required or, at minimum, readily achievable.

L.  The laundry room shelf exceeds allowable obstructed reach range in violation of the ADA and section 308.2.2 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

**Lobby Restrooms**

M.  Signage for the lobby restrooms is not located as required, in violation of the ADA section 703.4.2 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required, or at minimum, readily achievable.

N.  The men's restroom door lacks compliant maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, is readily achievable.

O.  The men's restroom lavatory pipes are not insulated to protect against scalding or contact,

in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

P.  The men's restroom lavatory exceeds allowable height, in violation of the ADA and section 606.3 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

Q.  The men's restroom toilet compartment door lacks door pulls on both sides, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

R.  The coat hook inside the men's restroom compartment is mounted too high and out of the maximum reach range of 48" to its operable parts above the finished floor, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

S.  The baby changing station's operable parts are located above allowable reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

T.  The men's restroom side grab bar is not long enough, mounted too high, and does not extend far enough from the rear wall, in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

U.  The men's restroom mirror exceeds 40 inches in height from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and whose remedy is strictly required or, at minimum, readily achievable.

V.  Upon information and belief, the women's restroom contains equivalent barriers to

accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the restroom is necessary.

**Mobility Accessible Guestroom No. 136 Fitted with Bathtub**

W. The entrance door lacks compliant maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

X. Door locking hardware is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Y. Directional signage on the room door is noncompliant, in violation of the ADA and Section 216.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Z. The bed impedes the required maneuvering clearance to access the bathroom, in violation of the ADA and section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

AA. There is not 60 inches of clear floor space around the water closet, in violation of the ADA and Section 604.3.1 of the 2010 Standards and 1991 ADAAG Section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

BB. The bathroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

CC. The water closet flush control is not located on the open side of the unit, in

violation of the ADA and section 604.6 of the 2010 Standards and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

DD.     The water closet entirely lacks a rear grab bar, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

EE. The water closet side grab bar does not meet required length and does not extend 54 inches from the rear wall, in violation of the ADA and section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or, at minimum, readily achievable.

FF. The hair dryer and towel shelf are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

GG.     The men's restroom mirror exceeds 40 inches in height from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and whose remedy is strictly required or, at minimum, readily achievable.

HH.     Amenities including the closet rod, shelf, and iron, are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

II. Bathtub grab bars are missing or noncompliant, in violation of the ADA and Section 607.4 of the 2010 Standards and 1991 ADAAG Section 4.20.4, whose remedy is strictly required or, at minimum, readily achievable.

JJ. Bathtub controls are not located on the end wall between the rim and centerline of the

tub, in violation of the ADA and Section 607.5 of the 2010 Standards and 1991 ADAAG Section 4.20.5, whose remedy is strictly required or, at minimum, readily achievable.

KK.     The shower sprayer is located above allowable reach range, in violation of the ADA and Sections 308.2.1 of the 2010 Standards and 1991 ADAAG 4.27.1, whose remedy is strictly required or, at minimum, readily achievable.

LL. The tub seat height is too high, in violation of the ADA and Section 610.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

MM.     The shower sprayer does not have a non-positive on/off control, in violation of the ADA and Sections 607.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

**Mobility Accessible Guestroom No. 114 Fitted with Shower**

NN.     The room identification sign lacks the international symbol of accessibility, in violation of the ADA and Sections 703.7.2.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

OO.     The entrance door lacks compliant maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

PP. The toilet paper dispenser is not mounted as required, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

QQ.     The water closet flush control is not located on the open side of the unit, in violation of the ADA and section 604.6 of the 2010 Standards and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

RR. The rear grab bar around the water closet does not extend at least 12 inches on one side and 24 inches on the other side of the water closet, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

SS. The side grab bar around the water closet does not extend 54 inches from the rear wall, in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

TT. The lavatory lacks required knee clearance, in violation of the ADA and section 606.2 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

UU. The hair dryer and towel shelf are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

VV. The bathroom drain has a change in level in excess of ¼ inch, in violation of the ADA and Section 303.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

WW. The shower sprayer does not have a non-positive on/off control, in violation of the ADA and Sections 607.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

XX. The soap dish and faucet obstruct use of the back wall grab bar of the shower, in violation of the ADA and section 609.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

YY. The shower has a vertical change in level in excess of ¼ inch to enter, in violation

of the ADA and Section 608.7 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

ZZ. The bathroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG Section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

AAA. The room desk does not provide required knee clearance, in violation of the ADA and Section 306.3 of the 2010 Standards and 1991 ADAAG Section 4.32.3, whose remedy is strictly required or, at minimum, readily achievable.

BBB. The clear floor space to access the lamp is obstructed by furniture and operable parts exceed 48 inches in reach range, in violation of the ADA and Sections 305.3 and 308.2.1 of the 2010 Standards and 1991 ADAAG Sections 4.2.4.1 and 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

**Guestrooms Generally**

CCC. The Quality Inn Perrysburg has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 134 guestrooms such as this Quality Inn Perrysburg, a minimum of five mobility accessible guestrooms without a roll-in shower is required and a minimum of two mobility accessible guestrooms with roll-in showers are required, totaling seven (7) designated mobility accessible guestrooms. This is in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.

DDD. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers suites and double bed rooms to overnight guests without disabilities. This is in violation of the ADA and its remedy is

strictly required or, at minimum, readily achievable.

EEE.     Upon information and belief, substantially similar barriers to access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel similar to those experienced by the Plaintiff which require remedying.

Policies and Procedures

FFF.     The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

GGG.     The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

HHH.     The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Derek Mortland, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

16.    The discriminatory violations described in Paragraph 15 by Defendant AUM SHIVAYA LLC, are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to

handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17.  Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18.  The hotel at issue, as owned and operated by Defendant AUM SHIVAYA LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19.  Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20.  The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical

14

barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 *et seq.*

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendant, AUM SHIVAYA LLC, owns or operates a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

24. Defendant has committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the existing mobility accessible guestrooms have many features that impair Mr. Mortland's and others with mobility impairment ability to bathe safely or use features and amenities within their own transient lodging guestroom without great difficulty.

25. The Defendant's acts are willful, severe and ongoing.

26. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an

injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

_Counsel for Plaintiff:_

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
Email: obdjr@owendunnlaw.com

16